UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

STEPHEN LANCIANI,                                    13 CV 04379 (RJS)

                              Plaintiff,

                                                     **ANSWER TO COMPLAINT**

            -against-

METROPOLITAN LIFE INSURANCE                          DOCUMENT
COMPANY AND THE SUPPLEMENTAL                         ELECTRONICALLY FILED
WYETH GROUP INSURANCE PLAN
TRUST,

                              Defendant.
--------------------------------------------------------------X

        Defendants, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and THE

SUPPLEMENTAL WYETH GROUP INSURANCE PLAN TRUST (the "Plan"), by its attorneys,

Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following

upon information and belief:

        FIRST:        Deny each and every allegation contained in paragraph "1" of the plaintiff's

Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit

Plaintiff's action arises under the Employment Retirement Income Security Act of 1974, as

amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA") and that Plaintiff was a participant in an ERISA

welfare benefit plan insured and administered by MetLife.

        SECOND:       Deny each and every allegation contained in paragraph "2" of the plaintiff's

Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

        THIRD:        Deny each and every allegation contained in paragraph "3" of the plaintiff's

Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit

that this Court has personal and subject matter jurisdiction over this case under 29 U.S.C. §1132(e)

and (f).

        FOURTH:       Deny knowledge or information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph "4" of the plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

FIFTH:    Deny each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Plaintiff was a participant in the Plan and has statutory standing to bring this action under 29 U.S.C. §1132(a).

SIXTH:    Deny each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits that MetLife is an insurance company duly licensed to engage in the business of insurance in the State of New York, with a principal place of business located at 1095 Avenue of the Americas, New York, New York and further admits that it issued a group policy of insurance to fund Plan benefits to Plaintiff's former employer Wyeth, and that it also adjudicates all claims for plan benefits pursuant to a grant of full discretionary authority in the Plan documents.

SEVENTH:   Deny each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that, pursuant to the terms of the Plan, MetLife acted as the Plan's claim administrator and acted as a fiduciary only when and to the extent that it rendered discretionary determinations under the Plan.

EIGHTH:    Deny each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that the Plan is an "employee welfare benefit Plan" as defined by ERISA, 29 U.S.C. §1002(1) and that the name of the Plan is the Wyeth Group Insurance – United States Plan.

NINTH:    Admit the truth of each and every allegation contained in paragraph "9" of the plaintiff's Complaint.

TENTH:       Deny each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH: Deny each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWELFTH:   Deny each and every allegation contained in paragraph "12" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit Plaintiff's claim for STD benefits was approved through exhaustion and that Plaintiff's claim for LTD benefits was originally approved.

THIRTEENTH:       Admit each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

FOURTEENTH:       Admit each and every allegation contained in paragraph "14" of the plaintiff's Complaint.

FIFTEENTH:       Deny each and every allegation contained in paragraph "15" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit Plaintiff's claim for Social Security Disability Income Benefits ("SSDI") was approved under the Social Security Administration ("SSA") rules.

SIXTEENTH:        Deny each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

SEVENTEENTH:        Deny each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTEENTH:        Deny each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NINETEENTH:        Deny each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH:        Deny each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST:     Deny each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms conditions, limitations and exclusions set forth therein.

TWENTY-SECOND: Deny each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms conditions, limitations and exclusions set forth therein, except admits Plaintiff has accurately quoted from a portion of the Plan documents.

TWENTY-THIRD:     Deny each and every allegation contained in paragraph "23" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated March 4, 2009 MetLife advised Plaintiff that he no longer met the Plan's definition of disability and that benefits would be terminated effective March 4, 2009.

TWENTY-FOURTH:        Deny each and every allegation contained in paragraph "24" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit MetLife considered all of Plaintiff's submissions in support of his claim for continuing LTD benefits, including the SSA's award of SSDI benefits.

TWENTY-FIFTH:     Deny each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

TWENTY-SIXTH:    Deny each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit Plaintiff appealed MetLife initial adverse benefit determination and the he submitted additional materials in support of his claim on appeal.

TWENTY-SEVENTH:       Deny each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH: Deny each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Ernest Gosline, M.D. was retained by third-party vendor NMR, to perform an independent medical record peer review of Plaintiff's medical records and to provide his opinion concerning the contents of those records, as well as Plaintiff's functionality.

TWENTY-NINTH:   Deny each and every allegation contained in paragraph "29" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that independent medical record peer review consultant, Dr. Gosline issued a report of his review that included his opinions concerning Plaintiff's functionality.

THIRTIETH: Deny each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST:    Deny each and every allegation contained in paragraph "31" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that MetLife's initial adverse benefit determination was upheld on appeal.

THIRTY-SECOND:  Deny each and every allegation contained in paragraph "32" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that MetLife's initial adverse benefit determination was upheld on appeal.

THIRTY-THIRD:    Deny each and every allegation contained in paragraph "33" of the plaintiff's Complaint.

THIRTY-FOURTH:   Deny each and every allegation contained in paragraph "34" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIFTH:      Deny each and every allegation contained in paragraph "35" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

THIRTY-SIXTH:      Deny each and every allegation contained in paragraph "36" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and further deny that Plaintiff's citation to the court's decision in *Sheehan* v. *Metropolitan Life Ins. Co.* is relevant or binding in this action.

THIRTY-SEVENTH: Deny each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

THIRTY-EIGHTH:   Deny each and every allegation contained in paragraph "38" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and further deny that Plaintiff's citation to the court's decision in *Babish* v. *Sedgwick Claims Management Services, Inc.* is relevant or binding in this action.

THIRTY-NINTH:      Deny each and every allegation contained in paragraph "39" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTIETH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "40" of the plaintiff's Complaint, except denies that the cases cited by Plaintiff in this paragraph are relevant to this court's consideration of this matter.

FORTY-FIRST:      Deny each and every allegation contained in paragraph "41" of the plaintiff's Complaint.

FORTY-SECOND:   Deny each and every allegation contained in paragraph "42" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and further deny that Plaintiff's citation to the court's decision in *Sullivan v. Metropolitan Life Insurance Company* is relevant or binding in this action.

FORTY-THIRD:      Deny each and every allegation contained in paragraph "43" of the plaintiff's Complaint.

FORTY-FOURTH:    Admit each and every allegation contained in paragraph "44" of the plaintiff's Complaint.

FORTY-FIFTH:      Deny each and every allegation contained in paragraph "45" of the plaintiff's Complaint.

FORTY-SIXTH:      Deny each and every allegation contained in paragraph "46" of the plaintiff's Complaint.

FORTY-SEVENTH:  Deny each and every allegation contained in paragraph "47" of the plaintiff's Complaint.

FORTY-EIGHTH:    Deny each and every allegation contained in paragraph "48" of the plaintiff's Complaint.

FORTY-NINTH:      Deny each and every allegation contained in paragraph "49" of the plaintiff's Complaint.

FIFTIETH:     Deny each and every allegation contained in paragraph "50" of the plaintiff's Complaint.

FIFTY-FIRST:     Deny each and every allegation contained in paragraph "51" of the plaintiff's Complaint.

FIFTY-SECOND:     Deny each and every allegation contained in paragraph "52" of the plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the file pertaining to Plaintiff's benefit claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-THIRD:     Deny each and every allegation contained in paragraph "53" of the plaintiff's Complaint

FIFTY-FOURTH:     Deny each and every allegation contained in paragraph "54" of the plaintiff's Complaint.

FIFTY-FIFTH:     Deny each and every allegation contained in paragraph "55" of the plaintiff's Complaint.

FIFTY-SIXTH:     Deny each and every allegation contained in paragraph "56" of the plaintiff's Complaint.

FIFTY-SEVENTH:     Deny each and every allegation contained in paragraph "57" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

FIFTY-EIGHTH:     Deny each and every allegation contained in paragraph "58" of the plaintiff's Complaint.

FIFTY-NINTH:     Deny each and every allegation contained in paragraph "59" of the plaintiff's Complaint.

SIXTIETH:     Deny each and every allegation contained in paragraph "60" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Plaintiff has exhausted all available administrative remedies under the Plan.

SIXTY-FIRST:     Admit each and every allegation contained in paragraph "61" of the plaintiff's Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S THE FIRST CAUSE OF ACTION**

SIXTY-SECOND:     In response to paragraph "62" of the plaintiff's Complaint, defendant repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "SIXTY-FIRST:" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-THIRD:     Deny each and every allegation contained in paragraph "63" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

SIXTY-FOURTH:     Deny each and every allegation contained in paragraph "64" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

SIXTY-FIFTH:     The allegations of paragraph 65 of Plaintiff's Complaint relate to questions of law to which no response is required.

SIXTY-SIXTH:     Deny each and every allegation contained in paragraph "66" of the plaintiff's Complaint.

SIXTY-SEVENTH:   Deny each and every allegation contained in paragraph "67" of the plaintiff's Complaint.

SIXTY-EIGHTH:     Deny each and every allegation contained in paragraph "68" of the plaintiff's Complaint.

SIXTY-NINTH:     Deny each and every allegation contained in paragraph "69" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court,

except admit that MetLife denied Plaintiff's claim for continuing LTD benefits as of March 4, 2009 and therefore terminated benefit payments to Plaintiff as of that date.

SEVENTIETH:        Deny each and every allegation contained in paragraph "70" of the plaintiff's Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THE SECOND CAUSE OF ACTION

SEVENTY-FIRST:      In response to paragraph "71" of the plaintiff's Complaint, defendant repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "SEVENTIETH:" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTY-SECOND:        Deny each and every allegation contained in paragraph "72" of the plaintiff's Complaint.

SEVENTY-THIRD:   Deny each and every allegation contained in paragraph "73" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

SEVENTY-FOURTH:        Deny each and every allegation contained in paragraph "74" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

SEVENTY-FIFTH:   Deny each and every allegation contained in paragraph "75" of the plaintiff's Complaint.

SEVENTY-SIXTH:   Deny each and every allegation contained in paragraph "76" of the plaintiff's Complaint.

## OBJECTION TO JURY DEMAND

SEVENTY-SEVENTH:      Defendants objects to plaintiff's Jury Demand because he is not entitled to a trial by jury of any claim asserted against the answering defendants.  <u>DeFelice v. International Assurance Co. of New York</u>, 112 F.3d 61 (2d Cir. 1997); <u>Sullivan v. LTV Aerospace and Defense Co.</u>, 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTY-EIGHTH:      This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife and the Plan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTY-NINTH:  The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTIETH:      MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the LTD Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

EIGHTY-FIRST:      All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTY-SECOND: MetLife's  decision-making  was  not  arbitrary  or  capricious  and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

EIGHTY-THIRD:     Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

EIGHTY-FOURTH:  Defendant MetLife as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the LTD Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the LTD Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant MetLife's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

EIGHTY-FIFTH:     To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the LTD Plan as of the date MetLife determined he was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different LTD Plan requirements, exclusions and/or limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

EIGHTY-SIXTH:     Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the LTD Plan.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

EIGHTY-SEVENTH:     The claims and remedies sought by plaintiff are limited solely to those provided under ERISA, and all remedies and claims made by plaintiff not provided for under ERISA are preempted.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

EIGHTY-EIGHTH:   The Court's review of plaintiff's claim against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

EIGHTY-NINTH:     Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

NINETIETH: If Plaintiff is entitled to any payment of benefits, which defendants Deny, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

NINETY-FIRST:     To the extent a response is required, Defendants hereby deny all allegations set forth in the subheadings to plaintiff's Amended Complaint.

**WHEREFORE**, defendant MetLife prays:

1.     That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;

2.     That defendants, MetLife be awarded costs of suit incurred herein;

3.     That defendants, MetLife be awarded reasonable attorney's fees; and

    4.     That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
            September 24, 2013

                              Respectfully submitted,

                               s/
                              MICHAEL H. BERNSTEIN (MB-0579)
                              SEDGWICK LLP
                              225 Liberty Street, 28th Floor
                              New York, New York 10281-1008
                              T:  212.422.0202 **|** F:  212.422.0925
                              *Attorneys for Defendant*
                              *METROPOLITAN LIFE INSURANCE COMPANY*

TO:     Davis A. Stern
          DAVIS & STERN, P.C.
          60 Washington Street, Suite 203
          Morristown, NJ 07960
          T: 973-455-1812
          F: 973-455-1056
          davisandstern@optonline.net
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served **ECF and Regular Mail** on September 24, 2013, upon the following:

Davis A. Stern
DAVIS & STERN, P.C.
60 Washington Street, Suite 203
Morristown, NJ 07960
T: 973-455-1812
F: 973-455-1056
davisandstern@optonline.net
*Attorneys for Plaintiff*

Dated:     New York, New York
           September 24, 2013

                                    s/ _____
                                    MICHAEL H. BERNSTEIN (MB-0579)